JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DISTRICT

| | |
|---|---|
| ANGELICA VALENZUELA,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.;<br>WALMART, INC.; ANGIE CAMPOS;<br>and DOES 1 through 100,<br><br>Defendants. | Case No.: SACV 23-00817-CJC (JDEx)<br><br><br>**ORDER REMANDING ACTION TO STATE COURT** |

## I.    INTRODUCTION & BACKGROUND

On May 10, 2023, Defendants Wal-Mart Associates, Inc., and Walmart, Inc. (the "Wal-Mart Defendants"), removed this action from the Superior Court of California, County of Los Angeles. (*See* Dkt. 1 [Notice of Removal, hereinafter "NOR"].) The action involves employment-related claims by Plaintiff Angelica Valenzuela against the Wal-Mart Defendants and Angelica Campa, mistakenly identified in the complaint as

-1-

"Angie Campos," Valenzuela's supervisor. (*See id.* at 2 n.2, *id.* ¶ 2.) Those claims include (1) disability discrimination, (2) perceived disability discrimination, (3) harassment, (4) failure to prevent and/or investigate, (5) retaliation, (6) failure to provide accommodation, and (7) failure to engage in the interactive process, all in violation of the California Fair Employment and Housing Act ("FEHA"). (*See* Dkt. 1-1 Ex. A [Complaint, hereinafter "Compl."].) The claims also include (8) wrongful termination in violation of public policy, (9) interference and failure to provide leave under the California Family Rights Act ("CFRA") (10) retaliation under the CFRA (11) retaliation under California Labor Code, and (12) intentional infliction of emotional distress ("IIED"). (*See id.*)

For the following reasons, the Court *sua sponte* **REMANDS** this action for lack of removal jurisdiction.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. *See* 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits where more than $75,000 is in controversy if the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

The burden of establishing subject matter jurisdiction falls on the defendant. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014). But where "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id*. at 554.

The removal statute is strictly construed against removal jurisdiction. *See Gaus*, 980 F.2d at 566. Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* If the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court. *See* 28 U.S.C. § 1447(c).

## III. ANALYSIS

The Court must remand this action because it was not an action that could have been brought originally in federal court. The Wal-Mart Defendants removed predicated solely on the existence of diversity jurisdiction, (*see* NOR ¶¶ 8–9), asserting in part that the citizenship of Campa may be disregarded because she was fraudulently joined, (*see id*. ¶ 15). Since the Court concludes that there was no fraudulent joinder, however, her citizenship must be considered, so complete diversity is lacking.

It is true that, when there is a sufficient showing of fraudulent joinder, a court will not consider the citizenship of the fraudulently joined party in determining whether there is complete diversity. *See Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). However, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption

against [finding] fraudulent joinder." *Id*. (internal quotations omitted).  To establish fraudulent joinder, a defendant must show that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  This is an exacting standard—if there is any possibility a state court would find that the complaint states a cause of action against the resident defendant, "the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  In other words, for joinder to be fraudulent, the plaintiff must fail to state a cause of action against the resident defendant, and the failure must be "obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Before finding fraudulent joinder, a court must also determine "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 549.

The Wal-Mart Defendants have failed to show that Campa was fraudulently joined. They acknowledge that a plaintiff can bring a claim of harassment against individuals, such as a manager or supervisor, but argue that the allegations in the complaint do not give rise to "a viable claim against Defendant Campa."  (NOR ¶ 19.)  "The elements [of a *prima facie* claim of harassment] are: (1) plaintiff belongs to a protected group; (2) plaintiff was subject to unwelcome harassment; (3) the harassment complained of was based on [the protected category]; (4) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and (5) *respondeat superior*." *Fisher v. San Pedro Peninsula Hosp.*, 262 Cal. Rptr. 842, 851 (Cal. Ct. App. 1989).  Valenzuela alleges that "[i]mediately after taking time off from work to treat her [back] injuries, . . . Campos[] threatened to fire her in order to intimidate and frighten" her and said "that if she had to miss work due to her injury, it would be her choice, but that this choice would mean" that she would "be fired." (Compl. ¶ 19.)  Valenzuela also alleges that "Campos continuously told

[Valenzuela] to 'stop calling out' each time [Valenzuela] missed work due to her injury and related physical limitations, even though [Valenzuela] had advised [the defendants], specifically, that her absences resulted from her injury and resulting disabilities." (*Id.* ¶ 20.) "Campos thereafter began treating [Valenzuela] poorly, deliberately ignoring her, avoid eye contact with her, and specifically picking on her because she was injured and had to miss work." (*Id.* ¶ 21.) To the extent that these allegations are insufficient to state a plausible claim, it is certainly not clear at this juncture that the claim is categorically barred by settled rules of the state and no amendment could cure the deficiency such that it is appropriate to deem the joinder fraudulent.

Removal also is improper because the Wal-Mart Defendants removed to the incorrect division of the Central District of California. The general removal statute provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district *and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). The Wal-Mart Defendants completed their civil cover sheet incorrectly, as they failed to indicate that the action was pending before removal in the Superior Court of California, County of Los Angeles, such that the Western Division is the division to which the case should be initially assigned. (*See* Dkt. 2 [Civil Cover Sheet].) As a result of their failure, the case was removed to the Southern Division. Thus, the Wal-Mart Defendants did not remove to the division embracing the Superior Court of California, County of Los Angeles, as the removal statute requires.

//
//
//
//
//

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the Wal-Mart Defendants have failed to meet their burden to show removal jurisdiction, and the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles.

DATED:    May 17, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE